IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **PAUL A. TAGLIABUE, JR.** § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | Civil No. __6:17-cv-13__ | |
| § | (JURY DEMANDED) | |
| **ORKIN, LLC d/b/a ORKIN PEST** § | | |
| **CONTROL** § | | |
| **Defendant** § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes PAUL A. TAGLIABUE, JR., hereinafter called Plaintiff, and files his Original Complaint, complaining of ORKIN, LLC d/b/a ORKIN PEST CONTROL, hereinafter called Defendant, and for cause of action would respectfully show the Court and jury the following:

### I. PARTIES

1. Plaintiff is a resident of Victoria, Victoria County, Texas.

2. Defendant ORKIN, LLC is a Delaware limited liability company doing business as ORKIN PEST CONTROL whose address is 2170 Piedmont Road NE, Atlanta, Georgia 30324. Defendant may be served by serving its registered agent for service via certified mail, return receipt requested to The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Defendant is herein referred to as ORKIN.

### II. JURISDICTION

3. This Court has jurisdiction based on 28 U.S.C. §1331 because this claim arises under the laws of the United States. Specifically, Plaintiff's claim is based on The Age

Discrimination in Employment Act of 1967 (ADEA) and The Older Workers Benefit Protection Act of 1990 (OWBPA).

### III. VENUE

4.  Venue exists in the judicial district pursuant to 28 U.S.C. §1391. Specifically, Defendant ORKIN operates branch locations in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (e) because it was subject to personal jurisdiction in the Southern District of Texas at the time this action commenced. Defendant is a publicly traded entity and is traded as NYSE:ROL, whose parent company is Rollins, Inc., and does business throughout the state and throughout the Southern District of Texas. Furthermore, venue is proper in the Southern District of Texas because a substantial part of the events and omissions giving rise to the claim occurred in the Southern District of Texas. During the time of his employment with ORKIN, Plaintiff worked out of the offices of Branch #873 located at 808 E. Nueces Street in Victoria, Victoria County, Texas. On January 30, 2015, Plaintiff was at ORKIN Branch #873 office in Victoria, Texas when he was called on the phone and told he was to leave at noon. It was during this phone call that Plaintiff's employment was terminated. Therefore, the act of terminating Plaintiff's employment actually occurred in the Southern District of Texas.

### IV.

5.  This claim arises under The Age Discrimination In Employment Act of 1967 (ADEA) and The Older Workers Benefit Protection Act of 1990 (OWBPA) which prohibits employers from discriminating against employees on the basis of their age and under other common law tort causes of action.

6.  ORKIN was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) during the relevant time period.

## V.  EXHAUSTION OF ADMINISTRATIVE PROCEDURES

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant. Plaintiff is filing suit within 90 days of receiving the notice of right to sue is attached as Exhibit A. 42 U.S.C. § 2000e-5(f)(1).

## VI. STATEMENT OF THE CASE

8. Plaintiff makes this charge for damages suffered because of his unlawful discharge, discrimination and failure to refer for employment because of his age by Defendant.

9. Plaintiff was born on December 19, 1947.  Plaintiff began working for Defendants in approximately 1993 and was discharged by Defendants on January 30, 2015.

10. Prior to his discharge, Plaintiff asserts that he had not told that he was not performing up to his expectations and had not been disciplined, counseled or written for anything related to his job performance. Plaintiff turned 67 years of age on December 19, 2014 and his employment was terminated on January 30, 2015. Defendant then had a younger worker take over Plaintiff's job responsibilities who is estimated to be in her early 50's.

11. Defendant has shown a pattern of dismissing older workers and retaining younger workers. The actions of Defendant in hiring a younger person to perform the job responsibilities of Plaintiff for no just cause, gives rise to this claim.

## VII. CAUSES OF ACTION
**Age Discrimination, Wrongful Termination and Constructive Discharge under The Age Discrimination In Employment Act of 1967 (ADEA) and The Older Workers Benefit Protection Act of 1990 (OWBPA)**

12. Plaintiff reasserts and incorporates herein the statements set out above.  Plaintiff, an employee within the meaning of the ADEA and OWBPA, belongs to a class protected under these Acts, and was discharged by Defendant, an employer within the meaning of the ADEA and OWBPA, because of his age.  Plaintiff was terminated.  Plaintiff was qualified for the position

from which he was discharged. Defendant's articulated reason for termination of Plaintiff is pretext for discrimination.

## VIII. DAMAGES

13. As a direct and proximate result of the Defendant's aforementioned acts, omissions and conduct, Plaintiff suffered a loss of earning capacity in the past which will in all likelihood continue in the future for an indefinite period of time. As a direct and proximate result of Defendant's aforementioned acts, omissions and conduct, Plaintiff has had and continues to suffer humiliation, shame, embarrassment, loss of self-esteem, loss of self-confidence, anxiety, sleeplessness, worry, fear, severe mental anguish and emotional distress; and in all likelihood Plaintiff will continue to suffer in such manner for an indefinite period of time in the future. For this reason Plaintiff seeks the following damages:

   a. Back pay including wages, salary, overtime, cost of living increases, bonuses, merit increases, and any other monetary compensation which Plaintiff would have received had he not been terminated.

   b. Fringe benefits including vacation pay, pension, retirement, medical insurance, life insurance, and any other benefit to which Plaintiff would have been entitled had he not been terminated.

   c. Front pay, including any future income or benefits Plaintiff would have received had he not been terminated.

## IX. LIQUIDATED DAMAGES

14. Plaintiff further asserts that the Defendant's violation of the ADEA was willful and seeks liquidated damages of an additional amount equal to Plaintiff's monetary damages.

## X. ATTORNEYS' FEES

15. Plaintiff has obtained the undersigned attorneys to represent him in this matter and have agreed to pay reasonable and necessary attorneys' fees. Plaintiff requests the Court to

enter Judgment against Defendants for reasonable and necessary attorneys' fees incurred in this matter, including but not limited to attorneys' fees for the preparation of trial of this case and all post-trial and Appellant procedures which may result therefrom.

## XI. PRAYER

16. By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this court.

17. WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff will recover:

a. judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of the Court;

b. interest on said judgment at the legal rate from date of judgment;

c. prejudgment interest as allowed by law;

d. liquidated damages;

e. attorney's fees and litigation expenses for trial and appeal;.

f. costs of court; and

g. such other and further relief to which Plaintiff may be entitled.

Respectfully Submitted,

*/s/ Will Sciba, III*
_____
WILL SCIBA, III
State Bar No. 00792824
Federal ID# 19044
wsciba@colefirmservice.com
Attorney-in-Charge
COLE, EASLEY, SCIBA & WILLIAMS, P.C.
302 West Forrest
Victoria, Texas 77901
(361) 575-0551 Telephone
(361) 575-0986 Facsimile
**ATTORNEYS FOR PLAINTIFF**