UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PAUL A. TAGLIABUE JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:17-CV-0013 |
| | § | |
| ORKIN LLC d/b/a ORKIN PEST CONTROL, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM**

### I.

Before the Court is the defendant's, Orkin LLC, d/b/a Orkin Pest Control ("Orkin"), motion for summary judgment [DE 34], the plaintiff's response [DE 35] and Orkin's reply [DE 36]. After a careful review of the motion, the attachments and exhibits, the response, reply and the arguments of counsel, the Court determines that Orkin's motion for summary judgment should be granted.

### II.

The plaintiff, along with his family, owned a pest control business that was purchased by Orkin around 1993. After the purchase, the plaintiff continued his employment with Orkin until January 30, 2015, when he retired. During the years between the two dates, the plaintiff held the position of branch manager and had as part of his duties dissemination of the company handbook and policies to new employees. He participated in the hiring and paperwork of new employees and secured signatures on critical documents. The plaintiff had charge of all postings concerning state and federal law such as postings included postings from OSHA, workers compensation and the EEOC, all designed to explain to employees their rights under the laws. In addition, the

plaintiff was responsible for receiving employee complaints concerning conditions of employment, including claims for discrimination or harassment. During his employment, no employee ever made a complaint to the plaintiff concerning his/her employment and neither did the plaintiff.

In 2009, the plaintiff spoke to his supervisor about retiring in December 2013, at a time when his retirement benefits vested. The discussion was raised by the plaintiff and was freely discussed between the plaintiff and his supervisor. As 2013 approached, discussions between the plaintiff and his supervisor began focusing on a specific retirement date and the plaintiff participated in the selection and training of his replacement.

The plaintiff's replacement began the management training process in 2013. However, when the plaintiff's retirement date came, he chose not to retire at that time and, according to the plaintiff's supervisor moved the date ahead about a year. During that year, the plaintiff announced to other branch employees that he would soon be retiring and introduced his replacement to them. In September 2014, a date the plaintiff disputes, the plaintiff and his supervisor discussed an end-of-year or January 30, 2015, final work day. The plaintiff was told in December that January 30, 2015, would be his last day, and his supervisor pushed to get the plaintiff's vacation pay earlier than usual and paid in advance. The plaintiff never "pushed back" on any of the retirement activities. Therefore, on January 30, when the plaintiff received a call from his supervisor and was informed that everything was in order, that he could leave early, he was not surprised.

### III.

The plaintiff contends that he was forced out of his employment because of his age, a violation of the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. §§ 621 *et.*

*seq*. As well, he contends his termination violated the Older Workers Benefit Protection Act of 1990,[1] again because of his age. As a result, the plaintiff filed this complaint asserting age discrimination.

To prevail on this claim, or at the least, overcome Orkin's motion for summary judgment, the plaintiff must establish a *prima facie* case of discrimination and overcome any legitimate non-discriminatory basis for the plaintiff's separation from employment. *See Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 -78 (2009); *Berquist v. Washington Mutual Bank,* 500 F.3d 344, 349 (5th Cir. 2007); *see also Haskett v. T. S. Dudley Land Co.,* 2017 WL 4155413 at 4 (S.D. Tex., Sept. 18, 2017)(internal citations omitted) ("Pretext cannot be established by mere conclusory statements of a plaintiff who feels [he] has been discriminated against"). A *prima face* case of age discrimination requires a plaintiff to establish that: (a) he was discharged; (b) he was qualified for the position; (c) he was within the protected class at the time of discharge; and (d) he was either, replaced by someone outside the protected class, replaced by someone younger or discharged because of his age. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

**IV.**

The evidence fails to establish a *prima facie* case of age discrimination because the plaintiff cannot establish that he was discharged from his employment. A triggering mechanism for an age discrimination claim is evidence that the plaintiff suffered an adverse employment action. The evidence is undisputed that the plaintiff was not terminated but separated due to his retirement. He admits that he discussed retirement as early as September 2009. Moreover, those discussions continued as the plaintiff's projected retirement date approached culminating in a

---

[1] The plaintiff does not have standing to sue under the OWBPA because he did not waived his rights under the ADEA. *See Williams v. Cigna Finance Advisors, Inc.,* 56 F.3d 656, 660 (5th Cir. 1995).

retirement that included advanced vacation and sick day payments. The evidence shows that, although the plaintiff was fully aware of his rights under federal and state law, he never complained to HR or upper management. In fact, he cooperated to complete the retirement process.

An employer's decision, coupled with that of the employee to end an employment by retirement does not constitute an adverse employment action. *See Texas State Office of Admin. Hearings v. Birch*, No. 04-12-00681-CV-2013; WL 3874473 at 12 (Tex. App. July 24, 2013). At the time that the plaintiff's retirement date was established, the plaintiff selected his replacement, participated in training her, announced his retirement to fellow employees, introduced his replacement to coworkers, and worked with his supervisor and HR to complete his retirement package. It is undisputed that the plaintiff intended to retire. He now simply disputes the date chosen.

In asserting that age was the basis for his termination, the plaintiff also points to "stray remarks" by his supervisor regarding his age. The evidence shows, however, that the stray remarks that the plaintiff complains about took place within the context of retirement discussions and during company meetings where management questioned whether the aging of the company employees was a factor in the company's revenue decline. The evidence shows that the remarks were scattered across the group and, on occasion, were spoken by the plaintiff, himself. No reasonable jury would conclude that the remarks were other than shop talk since the plaintiff's decision to retire was known by the plaintiff's manager and other employees at the time. *See EEOC v. Texas Instruments, Inc.,* 100 F.3d 1173, 1181 (5th Cir. 1996).

**V.**

Summary judgment, pursuant to Fed. R. Civ. P., 56 is appropriate when no genuine issue of material fact exists that bars judgment in behalf of the movant as a matter of law. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In this case, the plaintiff has failed to establish that he suffered an adverse employment action. The direct and undisputed evidence shows that the plaintiff's decision to retire was, at best, advanced to a date that the plaintiff did not choose. Therefore, Orkin's motion for summary judgment should be and it is Hereby Granted.

It is so Ordered.

SIGNED on this 20th day of June, 2018.

_____
Kenneth M. Hoyt
United States District Judge